EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Francisco Toro González | 2015 TSPR 104 <br><br> 193 DPR ____ |

Número del Caso: CP-2013-10

Fecha: 24 de julio de 2015

Materia: Conducta Profesional – Resolución con Voto Particular Disidente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Francisco Toro González

CP-2013-10

RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de julio de 2015.

Examinada la *Moción Urgente en Solicitud de Reconsideración por no estar Perfeccionado el Trámite Procesal y Violarse el Debido Proceso de Ley al no concederse la Vista Evidenciaria Solicitada* presentada por el Lcdo. Francisco Toro González, se provee no ha lugar.

Se le concede un término de 5 días al licenciado Toro González para que presente las declaraciones juradas de los dos testigos de reputación que se proponía utilizar en el procedimiento disciplinario. Se le apercibe que de no presentarlas, se procederá a resolver sin las mismas.

Notifíquese inmediatamente por teléfono y vía fax.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera García emitió un Voto Particular Disidente al cual se une la Jueza Asociada señora Pabón Charneco. La Jueza Presidenta señora Fiol Matta no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Francisco Toro González

CP-2013-10

**Voto particular disidente emitido por el Juez Asociado Señor Rivera García al que se une la Jueza Asociada Señora Pabón Charneco.**

En San Juan, Puerto Rico, a 24 de julio de 2015.

Luego de evaluar la *Moción urgente en solicitud de reconsideración por no estar perfeccionado el trámite procesal y violarse el debido proceso de ley al no concederse la vista evidenciaria solicitada*, presentada por el Lcdo. Francisco Toro González (licenciado Toro González o querellado), así como el expediente del caso en su totalidad, **disiento** de la Resolución que antecede. En su lugar, reconsideraría la Resolución emitida el pasado 26 de junio de 2015 y ordenaría la celebración de una vista evidenciaria, según solicitada por el licenciado Toro González *desde el comienzo* del procedimiento disciplinario. Me explico.

Según surge de la Minuta de la Vista para pautar los procedimientos a seguir celebrada el 26 de agosto de 2014 ante la Comisionada Especial designada, el licenciado Toro González *ejerció su derecho a solicitar una vista evidenciaria,* en la que, según informó, se sentaría a testificar.[1] De igual forma, se hizo constar que "[s]i para el 17 de septiembre de 2014, el licenciado Toro González no ha sometido su escrito, se entenderá renunciada su solicitud de vista evidenciaria".[2] Más adelante se añadió lo siguiente: "De presentar su escrito a través de representación legal, quien lo represente, deberá presentar una moción asumiendo representación legal, [y] entonces la Comisionada se comunicará con ambas partes *para pautar la fecha de la vista evidenciaria*". Conforme a ello, el 15 de septiembre de 2014, el Lcdo. David Luis Torres Vélez presentó una *Moción para asumir representación legal* mediante la cual informó que en adelante representaría al licenciado Toro González. En esta, *reiteró la solicitud de vista evidenciaria* ya formulada por el querellado.[3]

Ahora bien, a pesar de ese continuo requerimiento por parte del licenciado Toro González, la Comisionada Especial optó por ignorar el mismo y resolvió el caso meramente por el expediente sin brindar razón particular

---

[1] Véase Minuta del 26 de septiembre de 2014, CP-2013-10, pág. 2.

[2] Íd.

[3] Véase *Moción para asumir representación legal*, pág. 1.

alguna para denegarle al querellado su derecho a ser escuchado. De hecho, en el Informe presentado por la Comisionada Especial el 12 de enero de 2015, esta expresó *incorrectamente* que el licenciado Toro González nunca solicitó una vista evidenciaria.[4] A raíz del patente error cometido por la Comisionada Especial, el 16 de enero de 2015 el querellado presentó una *Moción para reiterar solicitud para vista evidenciaria*. Posteriormente, presentó una *Moción para presentar objeciones al informe de la Comisionada Especial a tenor a la Regla 14(L) del Reglamento del Tribunal Supremo* en la que argumentó que la falta de atención por parte de la Comisionada Especial respecto a su solicitud de vista evidenciaria constituyó una violación a "su derecho a ser **oído**, a tenor con la cláusula constitucional de un debido proceso de ley".[5]

No obstante, el 26 de junio de 2015 emitimos una Resolución en la que le concedimos al querellado un término de 15 días para que presentara las declaraciones juradas de los testigos de reputación que pretendía utilizar durante el procedimiento disciplinario. En respuesta a esta Resolución, el 6 de julio de 2015 el licenciado Toro González presentó una *Moción urgente en solicitud de reconsideración por no estar perfeccionado el*

---

[4] Véase *Informe de la Comisionada Especial Eliadís Orsini Zayas*, pág. 7, en la Comisionada específicamente expresó lo siguiente: "El caso quedó sometido el 12 de diciembre de 2014; para esta Comisionada rendir su Informe; sin la celebración de otra vista; *y sin que la parte querellada solicitara vista evidenciaría*". (Énfasis suplido).

[5] Véase *Moción para presentar objeciones al informe de la Comisionada Especial a tenor a la Regla 14(L) del Reglamento del Tribunal Supremo*, pág. 1. (Énfasis en el original).

*trámite procesal y violarse el debido proceso de ley al no concederse la vista evidenciaria solicitada*. En esta, el representante legal del querellado expuso que "[a]demás de los testigos de reputación el Lcdo. Francisco Toro González <u>tiene prueba adicional que presentar a su favor</u> por lo que suprimir la vista evidenciaria es una violación crasa al debido proceso de Ley al que tiene derecho el Lcdo. Francisco Toro González".[6]

Luego de examinar esta última moción presentada por el querellado y el expediente del caso en su totalidad, entiendo que lo correcto sería reconsiderar nuestra posición contenida en la Resolución del 26 de junio de 2015. En primer lugar, entiendo que <u>no</u> es del todo correcto establecer que en el presente caso no existe controversia de hecho que amerite la celebración de una vista evidenciaria. Sobre este particular, es importante notar que ninguno de los documentos contenidos en el expediente, mucho menos los presentados por el querellado, contienen una admisión por parte de este que, en efecto, nos lleve a alcanzar tal conclusión. El hecho de que la Oficina de la Procuradora General haya optado por someter su caso por el expediente, no abona en nada a esa posición. Simplemente, demuestra que la referida oficina entendía que tenía prueba suficiente para probar los cargos presentados con una simple evaluación del

---

[6] Véase *Moción urgente en solicitud de reconsideración por no estar perfeccionado el trámite procesal y violarse el debido proceso de ley al no concederse la vista evidenciaria solicitada*, pág. 2. (Énfasis suplido).

expediente. Sin embargo, el querellado en ningún momento avaló esta posición. Por el contrario, en todo momento se mantuvo firme en su petición de una vista evidenciaria.

En segundo lugar, la Comisionada Especial en ningún momento informó que denegaba la petición de vista evidenciaria solicitada, de manera que el licenciado Toro González pudiera, al menos, objetar tal determinación. Todo lo contrario. En varias instancias, esta expresó para récord que quedaba pendiente el señalamiento de la referida evidenciaria.[7] En tercer lugar, el licenciado Toro González, ha establecido de manera clara y expresa que la prueba que interesa presentar *no* se limita a testigos de reputación, sino que incluye evidencia adicional a su favor. Esto es cónsono con sus declaraciones anteriores ante la Comisionada Especial, ya que en ninguna parte de las comparecencias del querellado surge que su evidencia estaba limitada a testigos de reputación. Lo único que se desprende es que el licenciado Toro González informó quiénes serían sus testigos para tales fines.[8]

Por todo lo anterior, entiendo que este Tribunal debió devolver el caso a la Comisionada Especial, ordenarle que celebre la vista evidenciaria, escuche la prueba que tenga a bien presentar el licenciado Toro González y *suplemente* su Informe con la evidencia suministrada. Independientemente de que el resultado o las

---

[7] Véase, e.g., Minuta del 26 de septiembre de 2014, CP-2013-10, pág. 2.

[8] Véase, e.g., Véase *Moción para asumir representación legal*, pág. 1.

conclusiones de la Comisionada Especial sean las mismas luego de la presentación de la prueba, ello no debe ser razón para negarle al querellado su derecho a un debido proceso de ley. Más aún, cuando al momento no sabemos cuál será la sanción disciplinaria que impondremos, pero que indudablemente podría incluir – como en todo proceso disciplinario - la suspensión del querellado del ejercicio de la abogacía y la notaria.


Edgardo Rivera García
Juez Asociado